UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01301-CJC(ANx)                                  Date: March 14, 2012

Title: <u>LUIS VELEZ v. AFFILIATED FUNDING CORPORATION, ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                                                 <u>   N/A   </u>
Deputy Clerk                                                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** [filed 1/30/12]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 19, 2012 at 1:30 p.m. is hereby vacated and off calendar.

**I. INTRODUCTION AND BACKGROUND**

On November 1, 2011, Mr. Velez filed a First Amended Complaint ("FAC") against Defendants, asserting claims for declaratory relief pursuant to 28 U.S.C. 2201 et seq., breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Truth in Lending ("TILA") Act, the Real Estate Settlement Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), and California's unfair competition law ("UCL"). Mr. Velez's claims primarily center on an allegation that, due to deficiencies in the securitization process, Defendant Deutsche Bank National Trust Company ("Deutsche Bank") was never properly assigned Mr. Velez's mortgage, created a fraudulent document to cover up the failed securitization, and thus Defendants have no right to request payments or seek other rights provided to a lender or beneficiary. Mr. Velez's claims for breach of contract and breach of the implied covenant of good faith and fair dealing are alleged in the alternative should the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01301-CJC(ANx)            Date: March 14, 2012
                                                        Page 2

Court find that Deutsche Bank was properly assigned the mortgage. Mr. Velez's RESPA claim against Litton Loan Servicing, L.P. ("Litton") is based on an alleged failure by Litton to timely respond to a Qualified Written Request ("QWR"). On November 22, 2011, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court converted into a motion for summary judgment.

## II. ANALYSIS

Summary judgment is proper if the evidence before the Court "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating either that there are no genuine material issues or that the opposing party lacks sufficient evidence to carry its burden of persuasion at trial. *Celotex Corp.*, 477 U.S. at 325; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

### A. CLAIMS REGARDING DEUTSCHE'S INTEREST IN THE PROPERTY

Defendants are not entitled to summary judgment with respect to Mr. Velez's claims for declaratory relief and violations of the FDCPA, TILA, and the UCL. Defendants have failed to demonstrate an absence of a genuine issue of material fact as to how and when Deutsche Bank acquired an interest in Mr. Velez's property because their own papers and attached evidence present three conflicting factual accounts of how that interest was acquired.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01301-CJC(ANx)            Date: March 14, 2012
           Page 3

---

       First, Defendants' motion to dismiss states "on January 22, 2010, Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary of Affiliated [Funding Corporation ("Affiliated"), assigned the Note and Deed of Trust to [Deutsche Bank] care of Litton Loan Servicing, LP" and provided a copy of the purported assignment in a request for judicial notice (Dkt. No. 18, at 2; Dkt. No. 19, Ex. 2.) Next, in its motion for summary judgment, Defendants asserted that Deutsche Bank is "the holder of the Loan" because "the '**original**' Note was endorsed in blank by the original lender, Affiliated, making same bearer paper to which it was transferred to Deutsche Bank in December of 2006." (Dkt. No. 26.) Defendants supported this contention with the declaration of Gina Johnson, a Senior Loan Analyst with Defendant Ocwen Loan Servicing, LLC and a copy of the Note, which bore only an endorsement from Affiliated to Greenpoint Mortgage. (Johnson Decl. ¶ 8, Ex. 2.) Finally, in the reply and in the response to the Court's request for supplemental briefing, Defendants asserted that the Note was received by Deutsche Bank in November 2006 and endorsed in blank by Greenpoint Mortgage Funding, Inc. This third account of the acquisition of the interest in Mr. Velez's property was supported by the declaration of Barbara Campbell, Vice President of Deutsche Bank, as well as a copy of the Note that included images purporting to be the back side of the pages and containing a purported blank endorsement. (Dkt. No. 30; Campbell Decl. ¶ 4–6, Ex. 2; Dkt. No. 36.) Defendants are not entitled to partial summary judgment on Mr. Velez's claims for declaratory relief and violations of the FDCPA, TILA, and the UCL unless they can show how and when Duetsche Bank lawfully acquired an interest in Mr. Velez's property. Defendants have failed to make this essential showing.

       **B. CONTRACT CLAIMS**

       Defendants have also failed to demonstrate an absence of genuine issue of material fact with respect to Mr. Velez's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendants correctly note that Mr. Velez's claims for breach of contract claim and breach of the implied covenant of good faith and fair dealing are based on an allegedly misallocated payment dated March 23, 2011. While Defendants have provided evidence creating serious questions about the validity of Mr. Velez's assertions that he submitted this check to his loan servicer, Defendants have failed to lay an appropriate foundation for the document, by having their attorney serve as the authenticating witness, instead of a person with personal knowledge of the handling of the check.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01301-CJC(ANx)            Date: March 14, 2012
           Page 4

### C. RESPA CLAIM

Defendant Litton is entitled to summary judgment in its favor for Mr. Velez's RESPA claim. In the First Amended Complaint, Mr. Velez's RESPA claim is based solely on an alleged qualified written request ("QWR") sent to Litton on August 12, 2011. Litton asserts, citing three other cases involving identical letters drafted by Mr. Velez's attorney, that the August 12, 2011 letter does not constitute a valid QWR. *See Junod v. Dream House Mortg. Co.*, No. CV 11-7035-ODW, 2012 WL 94355, at *3–*5 (C.D. Cal. Jan. 5, 2012); *Derusseau v. Bank of Am., N.A.*, No. 11 CV 1766 MMA, 2011 WL 5975821, at *3–*4 (S.D. Cal. Nov. 29, 2011); *Lindsay v. Am.'s Wholesale Lender*, No. SACV 11-1303-DOC, 2012 WL 83475, at *5.

Mr. Velez's August 12, 2011 letter does not constitute a QWR. See 12 U.S.C. § 2605(e)(1)(B). RESPA requires loan servicers to respond to borrower inquiries relating to information about the servicing of the borrower's loan. *Id.* § 2605(e). This duty is triggered when the servicer receives a QWR from a borrower. *Id.* § 2605(e)(1)(A). After receiving a QWR, a servicer must acknowledge its receipt within twenty days and respond to the inquiries within sixty days. *Id.* § 2605(e)(1), (2). For purposes of RESPA, a QWR is defined as: "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower" concerning the servicing of the loan. *Id.* § 2605(e)(1)(B). Here, Mr. Velez's alleged QWR requests the following:

(1) a true and present copy of the promissory note and deed of trust;

(2) a complete life of loan transactional history;

(3) the Transaction Codes for the software platform of the Servicer;

(4) the Code definition in plain English;

(5) the Key Loan Transaction history, bankruptcy work sheet (if any), or any summary of all of the accounts in an XL spreadsheet format;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01301-CJC(ANx)            Date: March 14, 2012
                                                                                   Page 5

       (6) the MERS Milestone Reports and the Edgar website address for the Pooling and Servicing Agreement, Prospectus and Prospectus Supplement;

       (7) the name, address, name of a contact person and telephone number of the current holder in due course and owner of the mortgage note;

       (8) copies of all collection notes and communication files;

       (9) an itemized statement of the amount needed to fully reinstate loan;

       (10) all communications with any non-lawyer third party providers; and

       (11) all Form P–309 screen shots of all system accounts (principal, interest, escrow, late charges, legal fees, property inspection fees, property preservation fees, broker price opinion fees, statutory expense fees, miscellaneous fees, corporate advance fees, trustee suspense accounts, debtor suspense accounts) associated with the loan.

(FAC, Ex. C.) Mr. Velez's all-encompassing request for documents and records does not include requests for the type of information RESPA contemplates. Particularly, Defendants assert, supported by *Junod* and *Derusseau*, that the alleged QWR does not request information directed to the servicing of a loan. *See* 12 U.S.C. § 2605(e)(1) (A). The Court agrees.

       Under RESPA, "[t]he term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan ... and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id.* § 2605(i)(3). The August 12, 2011 letter demonstrates that Mr. Velez's request was unrelated to the servicing of the loan. Rather, the alleged QWR contains largely requests for documents relating to the original loan transaction and its subsequent history. Hence, the request as a whole seeks information on the validity of the loan and mortgage documents. Such requests are not covered by RESPA. *See, e.g.*, *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (dismissing the plaintiff's RESPA claim with prejudice after observing that the requirement "[t]hat a QWR must address the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 11-01301-CJC(ANx)                                      Date: March 14, 2012
                                                                     Page 6

---

servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan."); *MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D.Ill.2000) (dismissing a RESPA claim because "[a]ccording to the allegations ..., the letter sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the [ ] account balance."); *Derusseau*, 2011 WL 5975821, at *4; *Junod*, 2012 WL 94355, at *3–*5.

      Moreover, Section 2605 only requires loan servicers to respond to a proper QWR by correcting the account discrepancy, explaining why the account is correct, or if the information is unavailable, by providing contact information for someone who can assist the borrower with her inquiry. 12 U.S.C. §§ 2605(e)(2)(A)–(C). Thus, even if Mr. Velez's August 12, 2011 letter was otherwise a proper QWR, his request exceeds the scope of information Litton was required to provide in response.

      In addition to contesting Litton's arguments regarding the August 12, 2011 letter, Mr. Velez asserts, for the first time, that his RESPA claim is based on an alleged QWR from September 3, 2010. Mr. Velez cannot, however, create an issue of material fact by, in essence, creating a new claim in his opposition. Accordingly, a factual showing regarding a claim not brought in the FAC does not suffice to create a genuine issue of material fact. If Mr. Velez believes he is entitled to relief based on the September 3, 2010 letter, he must seek leave to amend his complaint to add a RESPA claim based on this letter, providing good cause for his failure to assert such a claim in either his complaint or his FAC if and when he seeks such leave.

### III.  CONCLUSION

      For the foregoing reasons, Defendants' motion is DENIED WITHOUT PREJUDICE with respect to all of Mr. Velez's claims other than his RESPA claim. With respect to Mr. Velez's RESPA claim, Defendants' motion for summary judgment is GRANTED.

jsk

MINUTES FORM 11
CIVIL-GEN                                                            Initials of Deputy Clerk MU